IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

    Plaintiff,                                        No. 2:11-cv-03097 KJM KJN PS

    v.

JEFF NAFF, a Sacramento Police Department Employee,

    Defendant.                                  ORDER

/

        Plaintiff, who is proceeding without counsel, filed his complaint on November 21, 2011 (Dkt. No. 1).[1] Presently before the court is plaintiff's application to proceed without prepayment of fees, or in forma pauperis (Dkt. No. 2). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses his complaint without prejudice. Plaintiff is granted leave to file an amended complaint.

        Plaintiff has requested leave to proceed in forma pauperis. Pursuant to federal statute, a filing fee of $350 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may, however, authorize the commencement of an action "without prepayment of fees and costs or security therefor" by a person that is unable to pay such fees or

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  provide security therefor.  28 U.S.C. § 1915(a)(1).  Plaintiff's application and declaration make
2  the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the undersigned grants
3  plaintiff's request to proceed in forma pauperis.
4         However, the determination that a plaintiff may proceed in forma pauperis does
5  not complete the inquiry.  The court is also required to screen complaints brought by parties
6  proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d
7  1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to
8  dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the
9  allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a
10 claim on which relief may be granted, or the action seeks monetary relief against an immune
11 defendant.
12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is based on
15 an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled,
17 has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.
18        In assessing whether a plaintiff's complaint fails to state a claim on which relief
19 can be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading
20 standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a
21 "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ.
22 P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  A complaint
23 should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as
24 true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  See
25 Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal,
26 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual

1  content that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged.'" <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th
3  Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the
4  complaint as true and construes them in the light most favorable to the plaintiff.  <u>Corrie v.</u>
5  <u>Caterpillar</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as
6  true conclusory allegations that are contradicted by documents referred to in the complaint, and
7  [the court does] not necessarily assume the truth of legal conclusions merely because they are
8  cast in the form of factual allegations." <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks
9  omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and,
10  prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an
11  opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  <u>See</u>
12  <u>Lopez</u>, 203 F.3d at 1130-31.

13  Upon review of plaintiff's one-page complaint, the undersigned dismisses the
14  complaint for failure to comply with the notice pleading standards described above, but grants
15  plaintiff leave to file an amended complaint.  The pleading deficiencies in the complaint are
16  fundamental and preclude the court from ordering service of the complaint.  In short, plaintiff's
17  complaint does not allege facts that state a claim upon which relief may be granted; indeed, the
18  nature of plaintiff's claims is entirely unclear, and the complaint does not appear to seek any
19  specific form of relief.  With no offense intended toward plaintiff, plaintiff's complaint is largely
20  incomprehensible.  The facts alleged all appear to relate to Sacramento Police Officer Jeff Naff's
21  arrest of plaintiff on June 23, 1998.  (Compl., Dkt. No. 1.)  Plaintiff alleges that he was "falsely
22  arrested by Naff," but beyond that, the disjointed complaint is essentially unintelligible.

23  Based on the foregoing, the undersigned dismisses plaintiff's complaint.
24  However, plaintiff is granted leave to file an amended complaint that complies with Rule 8.
25  Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended
26  complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be

1 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
2 original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint
3 supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a
4 plaintiff files an amended complaint, the original no longer serves any function in the case.

5       For the reasons stated above, IT IS HEREBY ORDERED that:

6     1.    Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2)
7 is granted.

8     2.    Plaintiff's complaint (Dkt. No. 1) is dismissed with leave to amend.

9     3.    Plaintiff is granted 30 days from the entry of this order to file an amended
10 complaint that is complete in itself.  The amended complaint must bear the docket number
11 assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an
12 amended complaint in accordance with this order will result in a recommendation that this action
13 be dismissed.

14 DATED:  February 2, 2012

16 _____
    KENDALL J. NEWMAN
17 UNITED STATES MAGISTRATE JUDGE